Lee Ann Dauphinot, Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and David H. Montague, Asst. Dist. Atty., Fort Worth, for appellee.

Before JORDAN, JOE SPURLOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

Bruce Edwin Callins was convicted under one indictment, in one trial, of one count of capital murder and two counts of aggravated robbery, all arising from an incident at Norma's Lounge on June 27, 1980. The death penalty was assessed for the capital murder. He has appealed his conviction of capital murder to the Court of Criminal Appeals, and he has appealed his convictions of aggravated robbery to this court.

We dismiss the appeal, because we find that this court does not have jurisdiction since this is a case in which the death penalty was assessed. TEX.CODE CRIM. PROC.ANN. art. 4.04 (Vernon Supp.1984) provides that the appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals. Mr. Callins was convicted of three offenses in one case. One of the principal grounds

**Bruce Edwin CALLINS, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–82–136–CR, 2–82–137–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 29, 1984.

of error on appeal is that there should have been more than one case. Since Callins was convicted in only one case, and since the death penalty was assessed in that case, the jurisdiction of the appeal of that case lies only with the Court of Criminal Appeals. We find no authority in the Code of Criminal Procedure for the bifurcated appeal which has been taken in this case. Since many of the issues which arise in the non-capital aspects of a capital case are the same as those which arise in the capital portion of the case, such a procedure would result in a great amount of duplication of time and effort on the part of the parties and of the court.

We dismiss this appeal on our own motion for lack of jurisdiction.